**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUL 15 2002**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

KENNETH M. MOORE,

Defendant - Appellant.

No. 01-2351
(D. Ct. No. CR-01-215 BB)
(D. N. Mex.)

**ORDER AND JUDGMENT**[*]

Before **TACHA**, Chief Judge, **LUCERO**, and **HARTZ**, Circuit Judges.

A jury convicted defendant Kenneth Moore of distribution of cocaine and

possession of marijuana with intent to distribute. On appeal, he challenges the

sufficiency of the evidence. We exercise jurisdiction pursuant to 28 U.S.C.

§ 1291 and AFFIRM.

I. Background

On January 23, 2001, a search warrant was executed on Moore's home by

agents from the Bureau of Alcohol, Tobacco, and Firearms, the Federal Bureau of

---

[*]This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. This court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Investigations, the United States Customs Service, and members of the Tularosa, New Mexico Police Department. They found 246 grams of marijuana, a triple-beam scale, a digital scale, a weight scale, a marijuana pipe, plastic baggies, and a ledger. The United States charged Moore with three counts of distributing less than 500 grams of cocaine within 1000 feet of a school in violation of 21 U.S.C. § 860(a) and one count of possession of marijuana with intent to distribute in violation of 21 U.S.C. § 841(a)(1). The government also charged him initially with being a felon in possession of a firearm, but later requested that the charge be dismissed.

At trial, the government presented the testimony of three eyewitnesses, all of whom were cocaine addicts who had legal problems and were testifying under a grant of immunity. Jesse Vigil testified that he bought one-half gram of cocaine from Moore on an almost daily basis in the summer of 1999. Diane Martinez testified that she lived with Moore in the spring of 2000 and purchased one-quarter gram of cocaine from him on a daily basis. Michael Flores testified that, starting in January 2000, he bought $20 worth of cocaine from Moore once or twice a week, and later as often as four times a week.

In addition, a forensic chemist testified that he had found cocaine residue on both the digital scale and the triple-beam scale that had been found at Moore's residence. A former narcotics officer identified some of the items found at

Moore's home as commonly used by drug dealers, such as the scales, baggies, and ledger. A jury convicted Moore of all four counts. Moore now challenges the sufficiency of the evidence.

## II. Discussion

We review a challenge to the sufficiency of the evidence de novo, viewing all evidence and drawing all reasonable inferences in the light most favorable to the government. United States v. Oliver, 278 F.3d 1035, 1043 (10th Cir. 2001). We limit our inquiry to determining whether "*any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319 (1979). In reviewing the evidence, we do not weigh conflicting evidence or consider witness credibility, as these duties are delegated exclusively to the jury. United States v. Castorena-Jaime, 285 F.3d 916, 933 (10th Cir. 2002). Instead, we presume that the jury's findings in evaluating the credibility of each witness are correct. Tapia v. Tansy, 926 F.2d 1554, 1562 (10th Cir. 1991). We may disregard testimony as incredible only if it is "unbelievable on its face, i.e., testimony as to facts that [the witness] physically could not have possibly observed or events that could not have occurred under the laws of nature." Id. (quoting United States v. Garner, 581 F.2d 481, 485 (5th Cir.1978) (alteration in original)). The testimony of drug addicts testifying pursuant to a plea bargain is not inherently incredible, but must be weighed by a jury. Garner,

- 3 -

581 F.2d at 485; see also United States v. Martinez, 877 F.2d 1480, 1482 (10th Cir. 1989) (finding that the drug addiction of one of the witnesses "only posed a credibility issue to be resolved by the fact finder").

Moore challenges the testimony of the three cocaine addicts as insufficient to support the convictions for distribution of cocaine. He analogizes their testimony to an extra-judicial confession, which supports a criminal conviction only if there is either independent corroborating evidence of the defendant's guilt or independent proof that a crime was committed by someone. United States v. Wiseman, 172 F.3d 1196, 1212-13 (10th Cir. 1999). Extra-judicial confessions are subject to a corroboration requirement partly because juries are likely to accept confessions uncritically. Smith v. United States, 348 U.S. 147, 153 (1954). Juries are unlikely to be similarly uncritical of the testimony of drug-addicted witnesses. Thus, policy reasons do not support extending the corroboration requirement, and we can find no case law supporting such an extension.

The three drug addicts testified to personally purchasing drugs from Moore. This testimony is not "unbelievable on its face." Tapia, 926 F.2d at 1562. While their credibility may properly be questioned, Moore was able to attack their credibility at trial. In addition, the judge instructed the jury that "[t]he testimony of someone who used addictive drugs during the period of time about which the

witness testified must be examined and weighed by the jury with greater care and caution than the testimony of ordinary witnesses" and that the jury should "keep in mind that [self-interested] testimony is always to be received with caution and weighed with great care." In addition to the eyewitness testimony, the government presented evidence that traces of cocaine had been detected on scales found at Moore's home. In light of the eyewitness testimony and other evidence presented by the government, we find the evidence sufficient as a matter of law to support the convictions for distribution of cocaine.

Moore also challenges the sufficiency of the evidence on the charge of possession of marijuana with the intent to distribute. While he admits to possession of marijuana, he denies an intent to distribute. The government did not present any direct evidence of distribution, but provided several pieces of circumstantial evidence from which the jury could reasonably infer that Moore intended to distribute marijuana. The government found 246 grams of marijuana in various locations in Moore's house. They also found scales, large quantities of plastic baggies, and a ledger. A former narcotics officer testified that all of these items were associated with distribution. Based on this evidence, a rational jury could find beyond a reasonable doubt that Moore intended to distribute marijuana. Cf. United States v. Penn, 974 F.2d 1026, 1028-29 (8th Cir. 1992) (finding defendant's possession of 298 grams of marijuana packaged in several parcels

sufficient evidence of intent to distribute).

### III. Conclusion

Viewing the evidence in the light most favorable to the government, we find that there was sufficient evidence to support Moore's convictions. We therefore AFFIRM the ruling of the district court.

ENTERED FOR THE COURT,


Deanell Reece Tacha
Chief Circuit Judge